IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JORDAN BURKS,**

    **Plaintiff,**

    vs.

    Case No. 2:24-cv-2330

    Judge Algenon L. Marbley

    Magistrate Judge Elizabeth P. Deavers

**LICKING COUNTY CHILD
SUPPORT ENFORCEMENT AGENCY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on Defendant's Motion to Dismiss (ECF No. 6) and Plaintiff's Motion to Enforce cease and desist immediately (ECF No. 11) and Motion to Injunction (ECF No. 16). For the reasons that follow, it is **RECOMMENDED** that the Court **GRANT** Defendant's Motion to Dismiss and **DENY** Plaintiff's Motions as frivolous and moot.

I.

Plaintiff, who is proceeding without the assistance of counsel, filed a Complaint against Defendant, Licking County Child Support Enforcement Agency ("CSEA") seemingly in connection with CSEA's efforts to collect child support from him. He filed numerous motions and notices in the Licking County Court of Common pleas seeking to stop CSEA from enforcing his court-ordered child support obligations, which he alleges CSEA ignored. *See generally*, Complaint (ECF No. 1).

Plaintiff apparently is a sovereign citizen. His arguments and statements are difficult to decipher. In his "Closing Statement and Remedy," Plaintiff states as follows:

> I grant the name to the court as special deposit for future returns on the interest. I am not an enemy, nor an ally to an enemy. I am the living man, agent, authorized user, and beneficiary to JORDAN BURKS. I request all cases to be closed and be settled for subrogation and release. I want all funds to be reimbursed and everything restored to its proper status. So, we can go our separate ways, as I do not wish to be in any contract agreement with this business. I DO NOT CONSENT TO ANY TRANSACTIONS AGAINST MY PERSON.
>
> God's law is natural law and is equity and equity is what governs equitable suretyship and trust law. I hope everything is done in Good Faith. God bless.

(Complaint, PageID 3.)

## II.

Defendants have moved, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss this case for lack of subject matter jurisdiction. "When the defendant challenges the existence of subject-matter jurisdiction, the plaintiff bears the burden of establishing that jurisdiction exists." *Lewis v. Whirlpool Corp.,* 630 F.3d 484, 487 (6th Cir. 2011) (citing *Nichols v. Muskingum Coll.,* 318 F.3d 674, 677 (6th Cir. 2003)). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004).

In addition, Defendant asserts the Plaintiff's Complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in FedePlral Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts

sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc.*, 491 F. App'x. 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

Plaintiff's 74-page Complaint contains a catalog of statements indicating what he filed after he received a letter by mail that summoned him to court including. This list conains such items as a "Summons Refusal" demanding "Proof of Evidence of Probable Cause to issue a summons to my person," "Pleas in Abatement," "Notice of Petition Demand to Vacate a Void Judgement Non-Judice," "'Notice of Rescission' To rescind any contract the principal debtor was in," and a "Cease & Desist" Notice, among other things. Plaintiff attached copies of these material he filed to the Complaint. To this end, the Undersigned notes that Plaintiff's Complaint is purely deficient on many levels.

Turning first to Defendant's argument that the Court lacks subject-matter jurisdiction, a federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked

when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The parties in this case are not diverse. Plaintiff alleges he resides in Licking County, Ohio and the Licking County Child Support Enforcement Agency is a citizen of Licking County, Ohio. Moreover, nothing at all in Plaintiff's Complaint raises a matter of a federal question, no matter how liberally the Court construes his pleading. He merely recites a list of his filings and supplications in the Licking County Court of Common Pleas. Plaintiff did not respond to Defendant's Motion to Dismiss, let alone establish that subject matter jurisdiction exists in this case. *Lewis*, 630 F.3d at 487 (citation omitted) (holding that when the defendant challenges the existence of subject-matter jurisdiction, plaintiff bears the burden of establishing that jurisdiction exists).

Furthermore, a simple reading of the Complaint reveals it contains no legal basis for any relief whatsoever from Defendant CSEA. Despite the onslaught of Plaintiff's filings in this matter, nothing in this case suggests that Plaintiff has stated a claim for relief. He has neither set forth allegations to support the elements of any viable legal theory nor clearly (or even vaguely) set forth any legal basis for recovery from Defendant CSEA.

For these reasons, it is **RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 6) be **GRANTED**.

As to Plaintiff's Motion to Enforce cease and desist immediately (ECF No. 11) and Motion to Injunction (ECF No. 16), given the foregoing recommendation, the Undersigned

**RECOMMENDS** that these Motions be denied as moot.  Alternatively, the Undersigned **RECOMMENDS** that the Court deny these Motions on the merits as they are full of incomprehensible arguments and intelligible requests for relief.  Sovereign citizen pleadings are dense and virtually unreadable, and a body of sovereign citizen case law has grown to address the voluminous and often frivolous workload of the courts that has ensued.  *See U.S. v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) ("Defendant's legal arguments directly correspond to meritless rhetoric frequently espoused by tax protestors, sovereign citizens, and self-proclaimed Moorish-Americans"); *U.S. v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (noting a sovereign citizen's arguments that they are beyond the jurisdiction of the courts should be "rejected summarily, however they are presented.");  *see also United States v. Cook*, No. 3:18-cr-19, 2019 WL 2721305, at *1–2 (E.D. Tenn. June 28, 2019) (footnote omitted).  "Courts have repeatedly rejected, as frivolous, arguments based on the theory of sovereign citizenship" recognizing that such arguments are "a waste of court resources." *Powell v. Michigan*, No. 22-10816, 2023 WL 2154954, at *2 (E.D. Mich. Jan. 24, 2023) (internal quotation marks omitted); *see also Noles v. United States , Internal Revenue Service*, 2024 WL 4899990, at *2 (E.D. Tenn., 2024)

### IV.

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** Defendant's Motion to Dismiss (ECF No. 6) and **DENY** Plaintiff's Motions (ECF Nos. 11 and 16) as moot or alternatively as frivolous on the merits.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

|  |  |
|---|---|
| **DATED:  February 21, 2025** | **/s/** *Elizabeth A. Preston Deavers*<br>**ELIZABETH A. PRESTON DEAVERS**<br>**UNITED STATES MAGISTRATE JUDGE** |