**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JORDAN BURKS,** : | |
| : | |
| Plaintiff, : | Case No.: 2:24-cv-2330 |
| : | |
| v. : | Judge Algenon L. Marbley |
| : | |
| **LICKING COUNTY CHILD** : | Magistrate Judge Elizabeth P. Deavers |
| **SUPPORT ENFORCEMENT AGENCY,** : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

This matter is before this Court on Plaintiff Jordan Burk's Objection (ECF No. 26) to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 25). The R&R recommends that this Court grant Defendant Licking County Child Support Enforcement Agency's Motion to Dismiss (ECF No. 6) and deny Plaintiff's pending motions (ECF Nos. 11; 16). For the reasons that follow, Plaintiff's Objection (ECF No. 26) is **OVERRULED**. Accordingly, the Magistrate Judge's R&R (ECF No. 25) is **ADOPTED**.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed a complaint against Defendant, a Child Support Enforcement Agency. (ECF No. 1). He explains receiving a letter summoning him to court for a child support case involving Defendant on or about November 11, 2023. Plaintiff filed various documents in response including a "show cause," "summons refusal," "Notice of Default," "Motion to Dismiss," "Cease & Desist," "Judicial Notice," and "Motion to Vacate Child Support Order." (*Id*. at 1-2). Defendants did not respond to these filings. (*Id*.). Plaintiff then provides a Closing Statement and Remedy:

> I grant the name to the court as special deposit for future returns on the interest. I am not an enemy, nor an ally to an enemy. I am the living man, agent, authorized user, and beneficiary to JORDAN BURKS. I request all cases to be closed and be settled for subrogation and release. I want all funds to be reimbursed and everything restored to its proper status. So, we can go our separate ways, as I do not wish to be in any contract agreement with this business. I DO NOT CONSENT TO ANY TRANSACTIONS AGAINST MY PERSON.

(*Id*. at 3).

Defendant filed a Motion to Dismiss (ECF No. 6). Shortly after, Plaintiff filed a Motion to Enforce Cease and Desist Immediately (ECF No. 11), and a Motion for Injunction (ECF No. 16). The Magistrate Judge entered a R&R recommending this court grant Defendant's Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. It was also recommended that this Court deny Plaintiff's pending motions as frivolous and moot.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), when reviewing objections to an R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id*.

While the Court must consider all timely objections, the "filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to complete failure to object." *Slater v. Potter*, 28 Fed. App'x 512, 513 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 4 1995)). The objections must also "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380 (citing *Howard v. Sec'y of Health & Hum. Servs*, 932 F.2d 505, 509 (6th Cir. 1991)).

2

### III.     LAW AND ANALYSIS

In his Objection, Plaintiff copies the allegations made in his Brief filed on January 10, 2025. (ECF Nos. 25, 27). Plaintiff does not attempt to rebut the Magistrate Judge's findings. An objection "that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (citing Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991)); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (An objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.").

Plaintiff's Objection thus fails substantively to address the R&R. Instead, the filing is the same brief considered by the Magistrate Judge but with the title "Objection: Motion to Dismiss Should Be Denied." Consequently, Plaintiff's Objection is overruled. *See Frazier v. Woods*, No. 20-1325, 2020 WL 9263004, at *3 (6th Cir. Nov. 10, 2020) (holding that, "[b]ecause [plaintiff's] objections did not specifically address the magistrate judge's findings or conclusions, [he] has arguably waived further review of his . . . claims."). This Court will thus adopt the R&R and enter it as the findings and conclusions of this Court

### IV.     CONCLUSION

For the reasons set forth above, Plaintiff's Objection to the Magistrate Judge's Report and Recommendation is **OVERRULED**. (ECF No. 26). Accordingly, the Report and

3

Recommendation is **ADOPTED**. Defendants Motion to Dismiss (ECF No. 6) is **GRANTED** and Plaintiff's Motions (ECF Nos. 11, 16) are **DENIED AS MOOT**. This case is **DISMISSED**.

**IT IS SO ORDERED.**

				         **ALGENON L. MARBLEY**
				         **UNITED STATES DISTRICT JUDGE**

**DATED:  March 12, 2025**